No. 25-1126

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

**Jacqueline Stevens,**
Plaintiff-Appellee, pro se

v.

**Immigration and Customs Enforcement**,
Defendant-Appellant

Appeal From The United States District Court
For the Northern District of Illinois
Case No. 1:22-cv-5072 (Matthew F. Kennelly, J.)

## APPELLEE MOTION FOR AN EXTENSION OF TIME

On March 10, 2025, Defendant/Appellant Immigration and Customs and Enforcement ("ICE") appealed a final order by federal district court judge Matthew F. Kennelly that is part of an ongoing case Plaintiff/Appellee Jacqueline Stevens ("Stevens"), brought against ICE and other federal agencies in order to obtain records agencies withheld from her in violation of 5 U.S.C. § 552(a), the Freedom of Information Act ("FOIA").[1]

Stevens respectfully requests an extension of 60-days to file her appellee response brief (June 23, 2025). The reasons for this are as follows:

---

[1] Other defendants include Customs and Border Protection, the Executive Office of Immigration Review, and Health and Human Services. Case No. 1:22-cv-05072, Complaint, ECF. 1.

*First*, unanticipated actions of the Trump administration substantially impacted Stevens's attorney's legal practice, due to her substantial client base of immigrants, thus preventing her from handling the appellee response at this time.

*Second*, a second and third attorney Stevens recently brought on to handle her FOIA litigation also are now overburdened by actions of the Trump administration.[2]

*Third,* Plaintiff/Appellee has been attempting to secure additional new counsel while also attending to her obligations of full-time teaching and substantial additional work obligations pertaining to obtaining the records of U.S. citizens ICE has unlawfully detained and deported[3] and that ICE has withheld in this litigation based on assertions Judge Kennelly found were made in bad faith.[4]

*Fourth*, ICE's refusal to release records to responsive to requests about ICE's deportation and detention of U.S. citizens made pursuant to the FOIA is a fact is itself newsworthy and requires Stevens's time to explain to the media.[5]

*Fifth*, Stevens left the country for previously-planned and ticketed trip to Mexico from March 23 – April 2, where she did not have access to a laptop. On return she was in New

[2] *Stevens [Appellant] v. ICE*, 7th Cir. 25-1126 (Jan. 27, 2025), appellant attorney David Cleveland; *Stevens v. U.S. Customs and Border Patrol*, et al. 1:25-cv-02719, filed March 14, 2025, plaintiff attorney Amber Qureshi.
[3] Since 2007 I have researched ICE unlawfully detaining and deporting U.S. citizens. This topic is now of special concern to Congress, attorneys, and the media. As a result of ICE's obfuscations and delays in producing records responsive to my requests, I have been required to spend enormous time reviewing errant productions and Vaughn Indexes for court proceedings, actions that make it impossible to provide the public information on ICE's unlawful actions proximate to the time frames in which they were committed, a clear violation of the letter and spirit of the FOIA. Due to time-sensitive policy and legal questions before Congress and the courts, I am trying to expedite the release of the information I have gathered to update the findings of my 2011 law review article, "U.S. Government Unlawfully Detaining and Deporting U.S. Citizens as Aliens," *Va. J. Soc. Pol'y & L.* (2010) 18: 606-716. Here is an example from my blog of information and analysis from records obtained through the FOIA: "'Everything They Did, They Did At Night': This is How Sheriffs and Federal Agents Deport U.S. Citizens," *States Without Nations*, https://stateswithoutnations.blogspot.com/2025/02/everything-they-did-they-did-at-night.html, Feb. 25, 2025.
[4] Order, 1:22-cv-05072, Dkt. 21 (01/16/25) at 22. ("The agency's redaction of this information [from federal court filings] screams of bad faith and firmly rebuts the presumption of good faith afforded to it.")
[5] María Luisa Paúl, "As Trump cracks down on immigration, U.S. citizens are among those snared," *Washington Post*, April 5, 2025 https://www.washingtonpost.com/immigration/2025/04/05/us-citizens-deported-immigration/ ("Experts say the lack of oversight is part of a deeper problem: ICE operates with little transparency and few mechanisms for accountability, especially when it comes to U.S. citizens.
The agency 'is an information black hole,' said Jacqueline Stevens, a political science professor at Northwestern University who founded the school's Deportation Research Clinic. Since 2007, Stevens has tried to do what the federal government won't: track the number of U.S. citizens expelled from their own country...")

York City and still attempting to obtain new representation, including at a national transparency workshop in which she participates online and through which she had obtained counsel in a separate case now on appeal. That meeting was on Friday, April 4. On April 9, unable to obtain a commitment from a new attorney, she drafted a motion for an extension of time to file the response brief and was planning to submit it electronically. She sent an e-mail to opposing counsel Assistant U.S. Appellate Attorney Simon Christopher Brewer inquiring as to whether her motion would be opposed. He did not reply. She called and Mr. Brewer told Stevens that since she was represented, he could not speak with her. Her attorney then called her and indicated he had emailed to her that he was not opposing this motion. Stevens's attorney told her she would not file the motion for an extension and that Stevens could do this *pro se.* Attorney Glazer was aware Stevens had filed a similar motion in late 2024 (24-3215) and believed those electronic privileges would allow her client to file a similar motion in this case. However, that was incorrect. At the time I informed her my electronic filing privileges were case specific, she was unavailable to further assist me. Stevens returned to Chicago on the evening of April 16 and on April 17 filed in person her Motion to File Electronically. On the afternoon of April 17 she called the court staff and was informed that motion was "pending," and then realized she had failed to include my email address. On the morning of April 18, 2025 she filed an Amended Motion to File Electronically. On Monday April 21, Stevens called the court and was informed that motion had been granted. Today, April 22, 2025 is her first opportunity to file this motion for an extension.

*Sixth,* there will be no prejudice to the opposing party if an extension is granted.

Respectfully submitted,

*Jacqueline Stevens* [e-sig]
JACQUELINE STEVENS
Plaintiff/Appellee, Pro Se

Jacqueline Stevens
Political Science Department
601 University Place
Northwestern University
Evanston, IL 60208
(847) 467-2093
jackiestevens@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.
s/_*Jacqueline Stevens*


Jacqueline Stevens
Professor
Political Science Department
601 University Place
Northwestern University
Evanston, IL  60208
(847) 467-2093

jackiestevens@protonmail.com